UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN ROSS DEYOUNG, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF VACAVILLE, et al. <br><br> Defendants. | No.  2:25-cv-3762-DAD-CKD (PS) <br><br><br> FINDINGS AND RECOMMENDATIONS |

On December 31, 2025, plaintiff Norman Ross DeYoung, Jr., filed a complaint, a motion to proceed in forma pauperis, and a motion titled "Emergency Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Execution of Retaliatory 'Ramey' Warrant." (ECF Nos. 1, 2, 3.) Because plaintiff proceeds without counsel, this case is referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

The *ex parte* motion for emergency injunctive relief is appropriate for decision without oral argument and is submitted on the record and briefs on file. See Local Rule 230(g). These findings and recommendations recommend the *ex parte* motion for emergency injunctive relief be denied. The court will address the motion to proceed in forma pauperis and screen plaintiff's complaint[1] in due course.

---

[1] Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which

1

## I. Additional Background

The complaint sets forth twelve claims for relief including claims under 42 U.S.C. § 1983 asserting violations of plaintiff's rights under the First, Fourth, and Fourteenth Amendments, conspiracy to violate civil rights, civil RICO claims, and various state law claims. (ECF No. 1.) Defendants are the City of Vacaville, Albertsons Companies, Inc., Safeway Inc., Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc., and several individual defendants including City of Vacaville officials, police officers, employees of the named corporate defendants, attorneys, and plaintiff's neighbors. (Id. at 4-5.)

As relevant to the *ex parte* motion for emergency injunctive relief, plaintiff alleges a "Ramey warrant"[2] was obtained from a California superior court judge on December 29, 2025, based on fabricated criminal threats reported by his neighbors. (ECF No. 1 at 3, 6.) On that day or the following day, police raided plaintiff's home. (Id.) Finding him absent, they ransacked the home's interior, causing damage and destroying property. (Id.) Plaintiff alleges this was a punitive search performed in retaliation for his "pending RICO filing." (Id. at 3.)

In the *ex parte* motion for emergency injunctive relief, plaintiff seeks the following relief: (1) enjoin the City of Vacaville and the police officer defendants from executing the Ramey warrant for his arrest; (2) stay any state court proceedings related to the fabricated criminal threats charges; and (3) order defendants to preserve all body-worn-camera footage and communications between certain defendants. (ECF No. 3 at 4.)

## II. Legal Standard

The relief plaintiff seeks is governed by Rule 65 of the Federal Rules of Civil Procedure. The analysis for granting a temporary restraining order ("TRO") or preliminary injunction is "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Both remedies are "extraordinary and drastic," Lopez v. Brewer, 680 F.3d 1068,

---

relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000) (en banc).

[2] A "Ramey warrant" is a warrant authorizing the arrest of a suspect within the home before the filing of criminal charges by the district attorney. See Goodwin v. Superior Court, 90 Cal. App. 4th 215, 224 (2001) (citing People v. Ramey, 16 Cal. 3d 263 (1976)).

1  1072 (9th Cir. 2012) (internal citation omitted), and "may only be awarded upon a clear showing
2  that the plaintiff is entitled to such relief," Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22
3  (2008). "A plaintiff seeking [injunctive relief] must establish that he is likely to succeed on the
4  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
5  balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.
6  Courts in the Ninth Circuit may alternately apply a "serious questions" test and issue injunctive
7  relief where a plaintiff raises "serious questions going to the merits" and "the balance of
8  hardships tips sharply in plaintiff's favor," if the other Winter factors are also met. Alliance for
9  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

    **III.    Discussion**

11       As a preliminary matter, plaintiff has not satisfied the requirements of this district court's
12  local rule governing applications for TROs and preliminary injunctions. See Local Rule 231.
13  "Except in the most extraordinary of circumstances, no [TRO] shall be granted in the absence of
14  actual notice to the affected party and/or counsel…." Local Rule 231(a). Plaintiff has not filed an
15  affidavit detailing notice or efforts to effect notice. In addition, plaintiff has not filed a brief on all
16  relevant legal issues or an affidavit in support of the existence of an irreparable injury. See Local
17  Rule 231(c) & (d)(2). The motion is procedurally defective. See Tri-Valley CAREs v. U.S. Dep't
18  of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to
19  comply with local rules is well within a district court's discretion."); Nible v. Macomber, No.
20  2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (finding pro se
21  plaintiff's failure to comply with Local Rule 231 sufficient to deny the motion).

22       Moreover, plaintiff has not shown the relevant factors support granting preliminary relief.
23  As the moving party, plaintiff bears the burden of establishing the merits of his claims. See
24  Winter, 555 U.S. at 20. Plaintiff does not furnish evidence in support of the motion aside from the
25  verified complaint, which is largely based on labels and conclusions, rather than specific factual
26  allegations that state a plausible claim.

27       Addressing plaintiff's specific requests for relief in reverse order, plaintiff fails to show an
28  evidence preservation order is necessary or warranted. The duty for litigants to preserve evidence,

"backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." Young v. Facebook, Inc., No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at * 1 (N.D. Cal. Sept. 13, 2010) (holding that before additional measures to preserve evidence are implemented, there must be some showing there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result); see also Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006) (a party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed). Plaintiff makes no showing that specific evidence is in danger of being destroyed. General and unsupported concerns do not suffice to show plaintiff is likely to suffer irreparable harm in the absence of the requested relief.

Next, this court cannot grant any relief in the form of enjoining any ongoing criminal prosecution against plaintiff. Abstention under Younger v. Harris, 401 U.S. 37 (1971), would be appropriate. See Herrera v. City of Palmdale, 918 F.3d 1037, 1043-44 (9th Cir. 2019) (setting forth the requirements for Younger abstention). Plaintiff's *ex parte* motion asserts in conclusory fashion he is subject to an exception for a bad faith prosecution (ECF No. 3 at 3), but he makes no showing state officials have no hope of obtaining a valid conviction or that the prosecution is undertaken in bad faith for the purpose of harassment or retaliation. See Perez v. Ledesma, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." (citations omitted)).

As to the relief sought in the form of enjoining execution of the Ramey warrant, plaintiff fails to show a likelihood of success on the merits or that there are serious questions going to the merits. The complaint alleges two defendants fabricated reports on which the warrant was based and that the warrant was issued in retaliation for plaintiff's protected conduct, but the allegations are conclusory. (See ECF No. 1 at 6-7.) For example, the complaint does not allege specific facts suggesting a link between plaintiff's protected conduct and issuance of the Ramey warrant. See

1    Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006) (setting forth elements to
2    recover under 42 U.S.C. § 1983 on a First Amendment retaliation claim). The complaint fails to
3    state a plausible claim for a violation of plaintiff's First Amendment rights in connection with the
4    Ramey warrant. (See ECF No. 1 at 6-7.) Plaintiff would need to allege far more by way of factual
5    content to "nudg[e]" his [retaliation] claim… across the line from conceivable to plausible." Bell
6    Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

7         To the extent plaintiff's other claims are arguably related to the requested relief to enjoin
8    execution of the Ramey warrant, they are similarly conclusory. (See ECF No. 1 at 5-10.) The
9    allegations do not establish plaintiff is likely to succeed on the merits or that there are serious
10   questions on the merits of the claims presented. See Winter, 555 U.S. at 20; Alliance for the Wild
11   Rockies, 632 F.3d at 1135. Thus, plaintiff fails to establish the most important Winter factor,
12   which is also relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th
13   1036, 1044 (9th Cir. 2023). The request for emergency injunctive relief should be denied.

14       **IV.**    **Recommendation**

15        For the reasons set forth above, IT IS RECOMMENDED that plaintiff's "Emergency
16   Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Execution of
17   Retaliatory 'Ramey' Warrant" (ECF No. 3) be denied.

18        These findings and recommendations are submitted to the United States District Judge
19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)
20   days after being served with these findings and recommendations, any party may file written
21   objections with the court and serve a copy on all parties. Such a document should be captioned
22   "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
23   shall be served on all parties and filed with the court within seven (7) days after service of the
24   objections. Failure to file objections within the specified time may waive the right to appeal the
25   District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951
26   F.2d 1153, 1156-57 (9th Cir. 1991).

27   Dated: January 5, 2026

/s/ Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

28   8

5