UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN ROSS DEYOUNG, JR., | No.  2:25-cv-03762-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VACAVILLE, et al., | |
| Defendants. | |

Plaintiff, Norman Ross DeYoung, Jr., proceeds without counsel and seeks relief for alleged RICO activity, retaliation, and *Monell* liability, among other claims. This matter is before the undersigned pursuant to Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Plaintiff has filed a civil complaint and an application to proceed in forma pauperis. (ECF Nos. 1, 2.)

In order to commence a civil action, along with the complaint, a Plaintiff must either pay the $405.00 filing fee or file an application requesting leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de*

1

*Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

Plaintiff's affidavit does not adequately support a conclusion that Plaintiff was unable to pay the court costs and still afford the necessities of life when plaintiff filed this suit. At that time, Plaintiff had $8,000 in the bank and $70,000 in a retirement account under Charles Schwab. Plaintiff listed income and/or assistance in the amount of $7,500 total per month. Plaintiff listed expenses in the amount of $7,600 total per month. These expenses reflect more than the bare necessities of life. While § 1915(a) does not require a litigant to demonstrate "absolute destitution," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a).

Plaintiff does not make an adequate showing of indigency for in forma pauperis status. Plaintiff will be granted 30 days in which to submit the filing fee and administrative fee to the Clerk of the Court. Plaintiff is cautioned that failure to pay the court costs or file a renewed affidavit will result in a recommendation that the application to proceed in forma pauperis be denied and the present action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that, within thirty (30) days from the date of this order, Plaintiff shall submit the appropriate filing fee or a renewed affidavit to proceed without prepayment of fees.

Dated:  April 10, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7 deyo25cv3762.ifp

2