UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN ROSS DEYOUNG, JR., | No.  2:25-cv-03762-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CITY OF VACAVILLE, et al., | |
| Defendant. | |

Pending before the Court is Plaintiff Norman Ross DeYoung, Jr.'s motion to proceed in forma pauperis, motion to e-file, *ex parte* motion for a temporary restraining order, motion for a 60-day extension to serve Defendants, and a motion for leave to file an amended complaint. (ECF Nos. 2, 7, 8.) Because Plaintiff proceeds without counsel, this case is referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21). *See* 28 U.S.C. § 696(b)(1).

The *ex parte* motion for emergency injunctive relief is appropriate for decision without oral argument and is submitted on the record and briefs on file. *See* Local Rule 230(g). For the following reasons, the Court orders GRANTING Plaintiff's motions to e-file, 60-day extension to serve Defendants, and motion for leave to file an amended Complaint and DENYING as moot Plaintiff's motion to proceed in forma pauperis. The Court also recommends DENYING Plaintiff's motion for a temporary restraining order.

/ / /

1

## I.    Procedural Posture

On December 31, 2025, Plaintiff Norman Ross DeYoung, Jr. filed a Complaint, a motion to proceed in forma pauperis, and a motion tiled "Emergency Motion for Temporary Restraining Order and Preliminary Injunction of Retalitory 'Ramey' Warrant." (ECF Nos. 1, 2, 3.) On January 6, 2026, the Court recommended denial of Plaintiff's motion for a temporary restraining order and preliminary injunction but stated it would evaluate Plaintiff's IFP application and screen his Complaint in due course. (ECF No. 4.) On January 20, 2026, Plaintiff filed a motion to e-file. (ECF No. 7.) On April 8, 2026, Plaintiff filed a second *ex parte* motion for a temporary restraining order ("TRO"), a motion for immediate ruling on e-filing application, and a motion to amend the Complaint. (ECF No. 8.) On April 10, 2026, after reviewing Plaintiff's motion to proceed in forma pauperis, the Court issued an order directing Plaintiff to submit the filing fee or a renewed affidavit to proceed without prepayment of fees. (ECF No. 9.) Plaintiff paid the appropriate filing fees on April 27, 2026. *See* Docket.

## II.    Additional Background

The Complaint is the same operative complaint as in Plaintiff's first TRO. (ECF No. 3). The Complaint sets forth twelve claims for relief including claims under 42 U.S.C. § 1983 asserting violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, conspiracy to violate civil rights, civil RICO claims, and various state law claims. (ECF No. 1.) Defendants are the City of Vacaville, Albertsons Companies, Inc., Safeway Inc., Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc., and several individual defendants including City of Vacaville officials, police officers, employees of the named corporate defendants, attorneys, and Plaintiff's neighbors. (*Id*. at 4-5.)

Plaintiff alleges in his second TRO that on March 31, 2026, Defendant Michael Shucart "physically assaulted Plaintiff with a water hose on Plaintiff's private property while simultaneously on the telephone with local police dispatch." (ECF No. 8 at 2.) Plaintiff alleges Defendant Shucart intentionally used a state-court authorized TRO to provoke Plaintiff. *Id*. Plaintiff further alleges he was arrested at the scene of the incident. *Id*. Plaintiff alleges he had an

/ / /

encounter with Defendant Officer Brian Ellis,[1] who stated to Plaintiff "that the police harassment will continue until Federal Defendants are served." *Id*.

Plaintiff alleges that on April 7, 2026, Defendant Officer Joseph Perkins trespassed on Plaintiff's property while Plaintiff was engaged in "non violent 'constitutionally-protected' protest." *Id*. at 3. Plaintiff alleges Defendant Officer Perkins escalated the threat by "unholstering his firearm and placing his finger on the trigger." *Id*. Plaintiff further alleges Defendant Officer Perkins seized over $1,000 of audio equipment at the scene of the incident. *Id*.

Plaintiff requests the Court grant him relief in the form of an Emergency TRO enjoining Defendant Officer Joseph Perkins, Brian Ellis, and the entirety of Vacaville Police Department ("VVPD") from entering Plaintiff's property, initiating retaliatory conduct, or enforcing court orders Plaintiff deems fraudulent. *Id*. Further, Plaintiff asks the Court order the "immediate return" of his seized audio equipment, grant a 60-day extension of time to serve Defendants under FRCP 4(m), grant Plaintiff's pending application for e-filing (ECF No. 7), and grant Plaintiff 14 days from the date of e-filing approval to submit the First Amended Complaint, which Plaintiff alleges will include the allegations described in the TRO. *Id*.

### III.   Legal Standard

The relief Plaintiff seeks is governed by Rule 65 of the Federal Rules of Civil Procedure. The analysis for granting a temporary restraining order ("TRO") or preliminary injunction is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Both remedies are "extraordinary and drastic," *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citation omitted), and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking [injunctive relief] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. Courts in the Ninth Circuit may alternately apply a "serious questions" test and issue injunctive

---

[1] Plaintiff spells Defendant Officer Ellis's first name as "Bryan" and "Brian" several times throughout the Complaint and TRO. (ECF Nos. 1, 8.)

3

relief where a plaintiff raises "serious questions going to the merits" and "the balance of hardships tips sharply in plaintiff's favor," if the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

### IV.   Discussion

####    A.        Plaintiff's TRO

As a preliminary matter, Plaintiff has not satisfied the requirements of this district court's local rule governing applications for TROs and preliminary injunctions. *See* Local Rule 231. "Except in the most extraordinary of circumstances, no [TRO] shall be granted in the absence of actual notice to the affected party and/or counsel…." Local Rule 231(a). Plaintiff has not filed an affidavit detailing notice or efforts to effect notice. Just as in the first TRO, Plaintiff has not filed a brief on all relevant legal issues or an affidavit in support of the existence of an irreparable injury. *See* Local Rule 231(c) & (d)(2). The motion is procedurally defective. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Nible v. Macomber*, No. 2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (finding pro se plaintiff's failure to comply with Local Rule 231 sufficient to deny the motion).

Further, the Court lacks authority to grant the relief requested. "A court's equitable power lies only over the merits of the case or controversy before it. When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology, LLC v. Queens Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636. This relationship is "sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally." *Id.* quoting *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). "Although assertions of new misconduct set forth in a motion for a temporary restraining order or injunction might support additional claims against a Defendant, they do not support granting injunctive relief." *Williams v. Petras*, 2021 WL 960962, at *2 (E.D. Cal. Mar.

15, 2021).

Plaintiff concedes that the Complaint does not contain any of the allegations made in the TRO. *See* ECF No. 8 at 4. Therefore, there is no sufficient nexus present between the motion and the alleged Complaint and the request for emergency relief should be denied. *See Wallace v. Los Angeles Sheriff Alex Villanueva*, 2019 WL 10351538, at *2 (C.D. Cal. Sept. 6, 2019) (finding no sufficient nexus present where allegations in motion were not pled in complaint and occurred after complaint was filed).

B.    Plaintiff's Motion for IFP

On April 10, 2026, the Court ordered Plaintiff submit the appropriate filing fee or file a renewed affidavit to proceed without prepayment of fees within 30 days. (ECF No. 9.) Plaintiff paid the filing fee on April 27, 2026. *See* Docket. Accordingly, Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.

C.    Plaintiff's Motion to E-File

Plaintiff's motion to e-file was filed on January 20, 2026. (ECF No. 7.) The Court grants Plaintiff's motion to e-file documents under Local Rule 133(b)(2). E-filing access may be revoked at any time by the Court for excessive and/or inappropriate use. Plaintiff is directed to establish a PACER account at www.pacer.gov and request e-filing access from California Eastern District through Account Maintenance. Plaintiff is expected to adhere to all professional standards of conduct when contacting the Clerk's Office. Inappropriate or rude communication with the Clerk's Office will be reported to the assigned judge and may result in removal from e-filing.

D.    Plaintiff's Motion for Leave to Amend the Complaint and Motion for Extension

Plaintiff has also requested leave to amend within 14 days from the date of e-filing approval to submit a First Amended Complaint. (ECF No. 8 at 4.) Plaintiff additionally requests a 60-day extension of time to serve Defendants. *Id*. at 3. Good cause shown, Plaintiff's motion for leave to amend the Complaint is granted. Service of the First Amended Complaint shall be made in accordance with Federal Rule of Civil Procedure 4, so the request for an extension of time to serve Defendants is denied as moot.

/////

5

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for in forma pauperis (ECF No. 2) is DENIED as moot; and

2. The Findings and Recommendations issued on January 6, 2026, (ECF No. 4) are VACATED as moot; and

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend; and

4. Plaintiff's motion for a 60-day extension of time to serve Defendants (ECF No. 8) is DENIED as moot;

5. Plaintiff's motion to e-file (ECF No. 7) is GRANTED; and

6. Plaintiff's motion for leave to amend the Complaint (ECF No. 8) is GRANTED;

7. Plaintiff shall have fourteen (14) days from the date of this order to file a First Amended Complaint.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order (ECF No. 8) is DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 29, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, deyo.25.cv.3762.ordr.f&rs.cjra

6